[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2009
THOMAS K. KAHN
CLERK

No. 09-10981
Non-Argument Calendar
_____

D.C. Docket No. 08-00376-CV-ORL-18-GJK

PEDRO GUZMAN, individually and as personal
representative of Minerva Guzman, deceased,

Plaintiff-Appellant,

versus

EMERITUS CORPORATION,
d.b.a. Pavilion at Crossing Pointe,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 7, 2009)

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Pedro Guzman, individually and as personal representative of the estate of his

wife Minerva Guzman ("Guzman"), sued Emeritus Corporation ("Emeritus"), the

owner of the assisted living facility in which Mrs. Guzman resided at the time of her injury. The complaint sought damages arising out of alleged violations of Mrs. Guzman's statutory rights that resulted in Mrs. Guzman falling and fracturing her hip. (R.1-2.) Following discovery, the parties filed cross-motions for summary judgment. Emeritus also filed a *Daubert* motion to preclude testimony by Guzman's expert witnesses.

The district court disposed of these motions in one written order. (R.4-43.) The court granted Emeritus's *Daubert* motion and denied Guzman's motion for summary judgment. Having excluded Guzman's expert witnesses' testimony that had been proffered to show that Emeritus had breached its duty of care to Minerva Guzman, the court granted Emeritus's motion for summary judgment. The court reasoned that summary judgment was appropriate because, having ruled that Guzman's expert witnesses' testimony was inadmissible, there was no evidence of breach, proximate cause, or damages. (*Id.* at 8.) The court held in the alternative that, even if Guzman's expert witnesses' testimony were admissible, none of the "alleged breaches of duty could be construed as the proximate cause of Mrs. Guzman's fall from her bed on October 17, 2008." (*Id.*) The court concluded that, without the expert testimony, Guzman had not shown breach, proximate cause, or damages. And, the court concluded that, even if the expert testimony were considered, Guzman had

2

not shown proximate cause. The court granted summary judgment on these grounds. Guzman filed a notice of appeal identifying the grant of Emeritus's motion to preclude expert witnesses' testimony and the grant of summary judgment to Emeritus as subjects of his appeal. (R.4-47.)

Emeritus argues that this court has no jurisdiction over this appeal because Guzman has not appealed a final order of the district court, but rather appealed the order precluding his expert witnesses' testimony. We disagree. Guzman's notice of appeal states that he appeals the order granting summary judgment. Additionally, his initial brief implicitly challenges the propriety of the district court's grant of summary judgment to the extent that it was based on the court's conclusion that his proffered expert witnesses' testimony was inadmissible. (Appellant's Br. at 9-10.) *See Fed. Sav. & Loan Ins. Corp. v. Haralson*, 813 F.2d 370, 373 n.3 (11th Cir. 1987) ("Briefs are read liberally to ascertain issues raised on appeal.") (citation omitted). Accordingly, we have jurisdiction to hear Guzman's appeal challenging the propriety of the district court's grant of summary judgment.

Guzman argues at length that the district court erred in excluding the expert witnesses' testimony. Guzman has not, however, demonstrated that the district court's alternative ground for granting summary judgment – that even if the expert testimony were admissible Guzman had not made any showing of proximate cause

3

– was in error. Accordingly, we conclude that the district court properly granted summary judgment on the ground that Guzman failed to show proximate cause. The judgment of the district court is affirmed.

AFFIRMED.